# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DAMON OWENS-BEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:10CV952 |
| ) | |
| STATE OF NORTH CAROLINA, ) | |
| et al., ) | |
| ) | |
| Respondent. ) | |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, has submitted a document entitled "Writ of Habeas Corpus for Averment of Jurisdiction" together with a $5.00 filing fee. Even though Petitioner has not used the correct forms for a habeas corpus petition under 28 U.S.C. § 2254, Petitioner seeks to attack his state court criminal conviction and has paid the filing fee associated with a habeas petition. Therefore, the Court will construe the submission as a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody. However, for the following reasons, the Petition cannot be further processed.

1. Petitioner has not used the required § 2254 Forms. Rule 2, R. Gov. § 2254 Cases. The Clerk will forward to Petitioner the proper forms.

2. Petitioner has not named his custodian as the respondent. Rule 2, Rules Governing Section 2254 Cases, requires that the petition name the state officer having custody of the applicant as respondent. The Court takes judicial notice that a proper respondent for North Carolina state prisoners challenging their North Carolina judgment of conviction is the Secretary of the North Carolina Department of Correction. Naming the wrong custodian is a common point of

confusion, and the Court assumes that Petitioner wishes to name the proper custodian as respondent. Accordingly, unless Petitioner objects within eleven days of the issuance of this Order, the petition is deemed from this point forward to be amended to name Alvin W. Keller, Jr., who is currently the Secretary of the North Carolina Department of Correction, as respondent.

3. Petitioner's submission is confusing and rambling, but is based on the idea that the state court that convicted him did not have jurisdiction over him because he is a "freeborn Moorish American National Sovereign of the Moorish American de jure Government." (Docket Entry 1 at 6.) He claims that he is a descendant of "the Moroccans, the Northwestern capitol of the Mighty Carthage/Moorish Empire (700B.C.-1820 A.D.)" and other ancient peoples in Africa. (*Id.*) He believes that, as such, the courts of the State of North Carolina do not have jurisdiction over him. Unfortunately for Petitioner, simply claiming to be a "Moor" or "Moorish American" will not defeat state court criminal convictions. *See*, *e.g.*, *Pitt-Bey v. District of Columbia*, 942 A.2d 1132, 1136 (D.C. 2008)(rejecting a jurisdictional claim raised by a member of "The Nation of Moorish-Americans" based on international treaties.) If Petitioner files again with this basis as his only claim, his petition may be subject to dismissal under Rule 4 of the Rules Governing Section 2254 Cases.

Because of these pleading failures, this particular petition will be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the defects noted.[1] The Court has no authority to toll the statute of

---

[1] Because Petitioner's submission is being dismissed without prejudice and is not being decided on its merits, this case will not count as a first petition which would later trigger the prohibitions against second or successive petitions found in 28 U.S.C. § 2244(b). However, if Petitioner chooses to later submit a § 2254 petition that conforms with this Order and Recommendation, he should be aware that he is normally entitled to have only one § 2254 petition decided on its merits. Second or successive petitions are barred from consideration by this Court unless a petitioner first receives permission from the Fourth Circuit Court of Appeals to file such a petition. 28 U.S.C. § 2244(b). That permission is granted only in very narrow circumstances. Because of this, Petitioner should act carefully in resubmitting a petition. *See generally Castro v. United States*, 540 U.S. 375 (2003). If Petitioner wishes to challenge his conviction, he must use the § 2254 forms supplied by the Court, include all of the claims for relief he wishes to raise, and closely follow the instructions provided. Petitioner may also choose not to submit a petition. Finally, if Petitioner wants a form of relief other than relief from his conviction or sentence, he should make that clear in any new submission and should state that he is not seeking to attack his conviction or sentence. He should not use the § 2254 forms in that instance.

limitation, therefore it continues to run, and Petitioner must act quickly if he wishes to pursue this petition. *See Spencer v. Sutton*, 239 F.3d 626 (4th Cir. 2001). To further aid Petitioner, the Clerk is instructed to return the $5.00 filing fee and to send Petitioner a new application to proceed *in forma pauperis*, new § 2254 forms, and instructions for filing a § 2254 petition, which Petitioner should follow. *In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation of dismissal with permission to file a new petition which corrects the defects of the present petition.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to return the $5.00 filing fee and to send Petitioner § 2254 forms, instructions, and a current application to proceed *in forma pauperis*.

**IT IS RECOMMENDED** that this action be construed as a habeas petition under 28 U.S.C. § 2254 and dismissed *sua sponte* without prejudice to Petitioner filing a new petition which corrects the defects of the current petition. The new petition must be accompanied by either the five dollar filing fee or a current application to proceed *in forma pauperis*.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

December 20, 2010